1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

Case No. 1:14-cv-01354 LJO MJS (HC)

12

**HARRY JAMES OLIVAREZ,**

**FINDINGS AND RECOMMENDATION**
**REGARDING RESPONDENT'S MOTION**
**TO DISMISS**

13

Petitioner,

14

**v.**

15

**[Doc. 10]**

16

**JOE A. LIZARRAGA, Warden,**

17

Respondent.

18
19         Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

20    corpus pursuant to 28 U.S.C. § 2254. Respondent, warden of Mule Creek State Prison,

21    is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the

22    Federal Rules of Civil Procedure. Respondent is represented in this action by Brian G.

23    Smiley, of the Office of the Attorney General for the State of California.

24    **I.      BACKGROUND**

25         Petitioner is currently in the custody of the California Department of Corrections

26    pursuant to a judgment of the Superior Court of California, County of Fresno, upon being

27    convicted by a jury on November 7, 1996 of first degree burglary. (See Lodged Doc. No.

28    1.) On January 9, 1997, Petitioner was sentenced to an indeterminate state prison term

1  of forty (40) years to life. (Id.)

2          On May 29, 1998, the California Court of Appeal, Fifth Appellate District, affirmed

3  the judgment. (Lodged Doc. 2.) Review was denied by the California Supreme Court on

4  September 2, 1998. (Lodged Docs. 3-4.)

5          While Petitioner does not provide relevant records regarding the hearing, it is

6  clear from his claims that Petitioner recently sought to have his sentence recalled and

7  reduced under the Three Strikes Reform Act of 2012, California Penal Code §

8  1170.126.[1] The request was denied.

9          Starting in February 2013, Petitioner filed four post-conviction collateral

10  challenges with respect to his conviction and the Three Strikes Reform Act proceeding in

11  the state courts filed as follows:

12          1.    California Court of Appeal, Fifth Appellate District
                  Filed: January 31, 2013[2];
13                Denied: March 26, 2013;

14          2.    Fresno County Superior Court
                  Filed: December 9, 2013;
15                Denied: February 14, 2014;

16          3.    California Court of Appeal, Fifth Appellate District
                  Filed: March 19, 2014;
17                Denied: April 11, 2014;

18          4.    California Supreme Court
                  Filed: May 4, 2014;
19                Denied: July 9, 2014;

20

21  (See Lodged Docs. 5-12.)

22  _____

23          [1] Section 1170.126 "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." People v. Yearwood, 213 Cal. App. 4th 161, 168, 151 Cal. Rptr. 3d 901 (2013).

24

25

26          [2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. All the petitions listed are considered filed on the date Petitioner signed the petition.

27

28

1       On August 14, 2014, Petitioner filed the instant federal Petition for Writ of Habeas
2   Corpus in this Court. (ECF No. 1.) On October 27, 2014, Respondent filed a Motion to
3   Dismiss the petition for failure to raise a federal question.   (Mot. to Dismiss, p.1.)
4   Petitioner filed an opposition to the motion on November 14, 2014, and Respondent filed
5   a reply on January 14, 2015. (ECF Nos. 14, 21.)

6       In the Petition, Petitioner raises a single ground for relief, namely that he was
7   improperly denied relief under the Three Strikes Reform Act. However, in his opposition
8   to the motion, Petitioner also asserts that his sentence was cruel and unusual, and that
9   the application of the Three Strikes Reform Act violated his rights under the Double
10  Jeopardy clause.

11  **II.    DISCUSSION**

12      **A.      Procedural Grounds for Motion to Dismiss**

13      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to
14  dismiss a petition if it "plainly appears from the petition and any attached exhibits that the
15  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing
16  Section 2254 Cases.

17      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an
18  answer if the motion attacks the pleadings for failing to exhaust state remedies or being
19  in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,
20  420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to
21  exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using
22  Rule 4 as procedural grounds to review motion to dismiss for state procedural default);
23  Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a
24  respondent can file a motion to dismiss after the court orders a response, and the Court
25  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 &
26  n. 12.

27      **B.      The Three Strikes Reform Act**

28      The relief sought in the present petition is not cognizable under federal habeas

3

1   corpus. Federal habeas relief is available only to state prisoners who are "in custody in

2   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§

3   2241(c)(3), 2254(a). "In conducting habeas review, a federal court is limited to deciding

4   whether a conviction violated the Constitution, laws, or treaties of the United States."

5   Estelle v. McGuire, 502 U.S. 62, 68 (1991); see also Swarthout v. Cooke, 562 U.S. 216,

6   131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) (per curiam) ("We have stated many times

7   that federal habeas corpus relief does not lie for errors of state law.").

8          Generally, a challenge to a state court's application of state sentencing laws does

9   not give rise to a federal question cognizable on federal habeas review. See Lewis v.

10  Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990); Miller v. Vasquez,

11  868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding claim that offense did not constitute a

12  "serious felony" was not cognizable on federal habeas review because it "is a question

13  of state sentencing law"). To state a cognizable federal habeas claim based on a

14  claimed state sentencing error, a petitioner must show that the error was "so arbitrary or

15  capricious as to constitute an independent due process" violation. Richmond v. Lewis,

16  506 U.S. 40, 50, 113 S. Ct. 528, 121 L. Ed. 2d 411 (1992).

17         Petitioner has failed to cite to anything in the record or elsewhere to demonstrate

18  there was anything arbitrary or capricious in the state courts' finding that Petitioner's

19  conviction for robbery rendered his Three Strikes sentence ineligible for recall. Petitioner

20  relies upon Descamps v. United States, 570 U.S. __, 133 S. Ct. 2276 (2013), for the

21  proposition that the Reform Act violates principles set forth under  Apprendi v. New

22  Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Under, Apprendi a

23  sentencing court's finding of priors based on the record of conviction implicates the Sixth

24  Amendment. 530 U.S. 466. Unlike a conviction, the Three Strikes Reform Act is an

25  ameliorative provision, and can only decrease a petitioner's sentence. This Court agrees

26  with the holdings of California courts finding the Apprendi doctrine inapplicable to the

27  Three Strikes Reform Act.  See e.g., People v. Superior Court (Kaulick), 215 Cal.App.4th

28  1279, 1303-05 (2013). Petitioner has not presented a federal basis for relief with regard

4

1  to his Three Strikes Reform Act proceeding.

2  Accordingly, the Petition should be summarily dismissed for failure to state a

3  cognizable federal habeas claim. It is noted that no federal court addressing this issue

4  has found federal challenges to the Three Strikes Reform Act cognizable in federal

5  habeas. See, e.g., Green v. Hill, 2014 U.S. Dist. LEXIS 166780 (S.D. Cal. Dec. 1, 2014);

6  De La Torre v. Montgomery, 2014 U.S. Dist. LEXIS 159368 (C.D. Cal. Oct. 7, 2014);

7  Chesneau v. Spearman, 2014 U.S. Dist. LEXIS 164285 (C.D. Cal. Oct. 29, 2014);

8  Cooper v. Supreme Court of California, 2014 U.S. Dist. LEXIS 8357, 2014 WL 198708,

9  (C.D. Cal. Jan. 16, 2014); Johnson v. Spearman, 2013 U.S. Dist. LEXIS 85017, 2013

10  WL 3053043 (C.D. Cal. June 10, 2013); Hill v. Warden, No. 14-0662, 2014 U.S. Dist.

11  LEXIS 40467, 2014 WL 1093041 (C.D. Cal. Mar. 18, 2014).

12  A petition for habeas corpus should not be dismissed without leave to amend

13  unless it appears that no tenable claim for relief can be pleaded were such leave

14  granted. Jarvis, 440 F.2d at 14. Here, the Court concludes that it would be futile to grant

15  Petitioner leave to amend his first claim, and recommends the claim be dismissed.

16  **C.   Cruel and Unusual Punishment**

17  Petitioner generally alleges that his sentence and denial of relief under the Three

18  Strikes Reform Act constituted cruel and unusual punishment in that it impermissibly

19  extends the term of his sentence to one that is grossly disproportionate to his individual

20  culpability for the commitment offense.

21  "There is no right under the Federal Constitution to be conditionally released

22  before the expiration of a valid sentence, and the States are under no duty to offer

23  parole to their prisoners." Swarthout v. Cooke, 131 S.Ct. at 862. However, a criminal

24  sentence that is "grossly disproportionate" to the crime for which a defendant is

25  convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72, 123

26  S. Ct. 1166, 155 L. Ed. 2d 144 (2003); Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S.

27  Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring); Rummel v. Estelle, 445

28  U.S. 263, 271, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).

1    Outside of the capital punishment context, the Eighth Amendment prohibits only

2    sentences that are extreme and grossly disproportionate to the crime. United States v.

3    Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin, 501 U.S. at 1001). Such

4    instances are "exceedingly rare" and occur in only "extreme" cases. Lockyer, 538 U.S. at

5    72-73; Rummel, 445 U.S. at 272. So long as a sentence does not exceed statutory

6    maximums, it will not be considered cruel and unusual punishment under the Eighth

7    Amendment. See United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir. 1998); United

8    States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990).

9    Generally, the Supreme Court has upheld prison sentences challenged as cruel

10   and unusual and in particular, has approved recidivist punishments similar to or longer

11   than Petitioner's 40 years to life sentence for offenses of equivalent or lesser severity.

12   See Andrade, 538 U.S. at 77 (denying habeas relief on Eighth Amendment

13   disproportionality challenge to Three Strikes sentence of two consecutive terms of 25

14   years to life for stealing $150.00 in videotapes when petitioner had a lengthy but

15   nonviolent criminal history); Harmelin, 501 U.S. at 1008-09 (mandatory life sentence

16   without parole for first offense of possession of more than 650 grams of cocaine is not so

17   disproportionate as to violate the Eighth Amendment); Hutto v. Davis, 454 U.S. 370, 374-

18   75, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) (per curiam) (upholding non-recidivist

19   sentence of two consecutive 25 year prison terms for possession of nine ounces of

20   marijuana and distribution of marijuana); cf. Solem, 463 U.S. at 280-81 (sentence of life

21   imprisonment without possibility of parole for seventh nonviolent felony violates Eighth

22   Amendment).

23   Moreover, in cases arising on habeas review following the Supreme Court's

24   decisions in Andrade and Ewing, the Ninth Circuit has frequently rejected Eighth

25   Amendment challenges to California's Three Strikes Law sentences. See, e.g., Nunes v.

26   Ramirez-Palmer, 485 F.3d 432, 439 (9th Cir. 2007) (sentence of 25 years to life for crime

27   of petty theft with a prior did not offend the Constitution where petitioner had extensive

28   and serious felony record); Taylor v. Lewis, 460 F.3d 1093, 1101-02 (9th Cir. 2006) (no

1  Eighth Amendment violation where petitioner with prior offenses involving violence was

2  sentenced to 25 years to life for possession of .036 grams of cocaine base); Rios v.

3  Garcia, 390 F.3d 1082, 1086 (9th Cir. 2004) (sentence of 25 years to life for offense of

4  petty theft with a prior imposed on petitioner with two prior robbery convictions was not

5  objectively unreasonable); cf. Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004)

6  (finding that habeas relief was warranted in "exceedingly rare" case where petitioner with

7  minimal criminal history and no prior state prison sentence received a Three Strikes

8  sentence for offense of petty theft with a prior); Gonzalez v. Duncan, 551 F.3d 875 (9th

9  Cir. 2008) (life sentence under California's Three Strikes law, triggered by a failure to

10 register as a sex offender, violated the Eighth Amendment proscription against cruel and

11 unusual punishment because there was no "rational relationship" between a failure to

12 register and the probability defendant would recidivate as a violent criminal or sex

13 offender).

14      Here, Petitioner was sentenced to 40 years to life in prison for a burglary charge,

15 and a finding that he had previously suffered prior serious felony convictions. Petitioner's

16 sentence is comparable to that of the defendants in Andrade and Harmelin, and allows

17 for the possibility of parole unlike in Solem. See Andrade, 538 U.S. at 74; Taylor, 460

18 F.3d at 1098 (eligibility for parole, albeit after 25 years, made California Three Strikes

19 sentence "considerably less severe than the one invalidated in Solem"). For the above

20 reasons, and in light of controlling jurisprudence, this Court cannot find that Petitioner's

21 sentence is grossly disproportionate to his commitment offense.

22      Further, the actions of the state court in denying relief under the Three Strikes

23 Reform Act do not constitute cruel and unusual punishment. The court's decision, while

24 lengthening his physical term of confinement, does not change his original sentence. As

25 Petitioner is serving an indeterminate sentence, it is possible that he may be paroled, but

26 it is also possible that he shall remain incarcerated for the entire term. Petitioner has not

27 stated facts that would entitle him to Federal habeas relief under the Eighth

28 Amendment's prohibition against cruel and unusual punishment.

7

1       In view of the pertinent state statutory scheme, it does not appear that Petitioner

2   could allege a tenable cruel and unusual punishment claim. It is recommended that

3   Petitioner's cruel and unusual punishment claim be dismissed without leave to amend.

4       **D.**   **Double Jeopardy**

5       Petitioner claims that his denial of relief under the Three Strikes Reform Act

6   violated his due process and rights under the Double Jeopardy clause.

7       Petitioner appears to be arguing that the Three Strikes Reform Act proceeding

8   constituted a new punishment based on the crime of conviction and that this violated the

9   Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment

10   commands that "[n]o person shall ... be subject for the same offence to be twice put in

11   jeopardy of life or limb." "Under this Clause, once a defendant is placed in jeopardy for

12   an offense, and jeopardy terminates with respect to that offense, the defendant may

13   neither be tried or punished a second time for the same offense." Sattazahn v.

14   Pennsylvania, 537 U.S. 101, 106, 123 S. Ct. 732, 154 L. Ed. 2d 588 (2003).

15       Petitioner's Three Strikes Reform Act proceeding was not a new trial on the

16   charges against him and it did not result in the imposition of any new punishment.

17   Rather, it was a hearing to determine whether Petitioner was suitable for discretionary

18   relief from his sentence. The court's decision that Petitioner was not suitable relief did

19   not increase his sentence nor did it alter his conviction in any way. Just like the denial of

20   parole, the denial of relief under the act did not modify or change Petitioner's underlying

21   sentence. See, e.g., Mayfield v. Carey, 747 F. Supp.2d 1200, 1212 (E.D. Cal. 2010)

22   ("Petitioner's [Double Jeopardy] claim fails because the Board's decision did not subject

23   him to either a second criminal prosecution or to multiple punishments for the

24   commitment offense."); Desilva v. Allison, No. 1:11-cv-0263-LJO-SKO-HC, 2011 U.S.

25   Dist. LEXIS 37340, 2011 WL 1326958, at *6 (E.D. Cal. Apr. 6, 2011) (same).

26       Petitioner is not entitled to federal habeas relief with respect to his Double

27   Jeopardy claim. The Court concludes that it would be futile to grant Petitioner leave to

28   amend his Double Jeopardy claim and recommends that the claim be dismissed without

1    leave to amend.

2    **III.    RECOMMENDATION**

3         Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

4    Petitioner's failure to state a federally cognizable claim be GRANTED.

5         This Findings and Recommendation is submitted to the assigned  United States

6    District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

7    Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

8    District of California. Within thirty (30) days after the date of service of this Findings and

9    Recommendation, any party may file written objections with the Court and serve a copy

10   on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

11   Findings and Recommendation."  Replies to the Objections shall be served and filed

12   within fourteen (14) days after service of the Objections. The Finding and

13   Recommendation will then be submitted to the District Court for review of the Magistrate

14   Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  Petitioner is advised that failure

15   to file objections within the specified time may waive the right to appeal the District

16   Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

17

18   IT IS SO ORDERED.

19        Dated:   February 6, 2015        /s/ Michael J. Seng

20                                         UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28